UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>WILLIAM VANCE TURNER,<br><br>　　　　　Defendant. | CASE NO. CR 07-604 MMM<br><br>ORDER RE GOVERNMENT'S MOTION TO PRECLUDE OR ALTERNATIVELY LIMIT DEFENDANT'S INSANITY DEFENSE |

## I. PROCEDURAL AND FACTUAL BACKGROUND

On June 26, 2007, defendant William Vance Turner was charged in a six-count indictment with bank robbery in violation of 18 U.S.C. § 2113(a).[1] On July 23, 2007, the parties filed a stipulation to continue the trial date because Turner wished to have a competency evaluation performed.[2] Defense counsel represented that the examination would encompass a sanity evaluation as well, and that, depending on the results, he might file a "Notice of Insanity Defense and Request for Bifurcated Trial."[3]

---

[1] See Docket Entry No. 13.

[2] See Docket Entry No. 21.

[3] *Id.*

On October 6, 2007, the parties filed a second stipulation to continue the trial.[4] Defense counsel reported that, while the competency/sanity evaluation had begun, defendant needed additional time to gather his psychiatric records, and that, upon receipt of those records, the evaluator would need additional time to evaluate defendant, prepare her report, and administer additional tests.[5] The court therefore set a trial date of April 8, 2008.[6]

At a status conference on March 24, 2008, Turner asked that the court order the medical staff at the Metropolitan Detention Center ("MDC") to perform a second competency evaluation.[7] The court granted defendant's request over the government's objection, and continued the trial to June 24, 2008.[8] The parties later stipulated to continue the trial to July 1, 2008.[9]

On May 19, 2008, Turner gave notice that he intended to raise an insanity defense.[10] The following day, the government contacted defense counsel to request expert witness disclosures under Rule 16 of the Federal Rules of Criminal Procedure.[11] On May 21, 2008, defense counsel advised the government that Turner did not intend to call expert witnesses at trial.[12] Rather, counsel stated, Turner would call at least one lay witness to testify to his or her observations of Turner, and Turner would rely on that testimony to prove that he suffered from a severe mental disease that made him unable to

---

[4] See Docket Entry No. 29.

[5] *Id.*

[6] See Docket Entry No. 32.

[7] See Government's Motion to Preclude or in the Alternative Limit Defendant's Insanity Defense ("Pl.'s Mot.") at 2; see Docket Entry No. 35.

[8] See Docket Entry No. 36.

[9] See Docket Entry No. 46.

[10] See Docket Entry No. 47.

[11] Declaration of Stephen I. Goorvitch ("Goorvitch Decl."), ¶ 2.

[12] *Id.*

appreciate the nature and quality of the wrongfulness of his actions at the time of the offense.[13]

On May 24, 2008, the government filed an *ex parte* application to shorten time to file a motion to preclude, or alternatively limit, defendant's insanity defense.[14] The court granted the application, and the government's motion was filed on May 27, 2008.[15] Turner subsequently filed opposition to the motion.

## II. DISCUSSION

### A. Standard for Raising Insanity as an Affirmative Defense

The Insanity Defense Reform Act of 1984, codified at Title 18 U.S.C. § 17, governs the assertion of an insanity defense to a federal crime. Under the act, insanity is an affirmative defense that defendant has the burden of proving by clear and convincing evidence. 18 U.S.C. § 17; see *United States v. Fishman*, 743 F.Supp. 713, 720 (N.D. Cal. 1990). To prove insanity, defendant must show: (1) that he suffered from a severe mental disease or defect when he committed the charged offense and (2) that the mental disease or defect prevented him from appreciating the nature and quality or wrongfulness of his conduct. 18 U.S.C. § 17(a) ("It is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts. Mental disease or defect does not otherwise constitute a defense"). "Failure to establish either prong by clear and convincing evidence results in the legal insufficiency of the defense of insanity." *Fishman*, 743 F.Supp. at 720 (citing 18 U.S.C. § 17(a) and *United States v. Knott*, 894 F.2d 1119, 1121 (9th Cir. 1990)); see also *United States v. Waagner*, 319 F.3d 962, 964 (7th Cir. 2003) ("To succeed on an insanity defense, a defendant must prove that as the result of a severe mental disease or defect he was unable to appreciate the nature and quality or wrongfulness of his acts," citing 18 U.S.C. § 17(a)).

---

[13] Defendant's Opposition to Government's Motion to Preclude Insanity Defense ("Def.'s Opp.") at 4.

[14] See Docket Entry No. 50.

[15] See Docket Entry No. 56.

3

A defendant is entitled to a jury instruction on insanity "'when the evidence would allow a reasonable jury to find that insanity has been shown with convincing clarity.'" *United States v. Whitehead*, 896 F.2d 432, 435 (9th Cir. 1990) (quoting *United States v. Owens*, 854 F.2d 432, 435 (11th Cir. 1988)).[16] In deciding whether to give such an instruction, the court must construe the evidence "most favorably to the defendant." *Id.* (citing *Owens*, 854 F.2d at 435).

### B.     Whether Defendant Can Prove His Insanity Defense Through Lay Testimony

Turner represents that at least one lay witness will testify to his or her observations of Turner to prove that (1) he suffers from a severe mental disease (2) that would make him unable to appreciate the nature and quality or the wrongfulness of his actions at the time of the offense.[16] The government surmises that defendant may seek to present testimony that he was abused in prison in 1996 and has acted "crazy" in the past.[17] Turner responds that he does not intend to have lay witnesses testify that they thought he was "crazy" or otherwise opine on the ultimate issue of his sanity.[18] He has submitted two declarations *in camera* regarding the proposed testimony of two possible lay witnesses.

Relying on *United States v. Keen*, 104 F.3d 1111 (9th Cir. 1996), the government argues that

---

[16]See also *United States v. Sanchez-Ramirez*, 432 F.Supp.2d 145, 147 (D. Me. 2006) ("The Eleventh Circuit was the first to address the quantum of evidence, under § 17(b), necessary to generate the insanity defense. It held in [*Owens*, 854 F.2d at 435,] that 'a federal criminal defendant is due a jury instruction on insanity when the evidence would allow a reasonable jury to find that insanity has been shown with convincing clarity.' In adopting this standard, *Owens* emphasized that district courts must construe the evidence in a light most favorable to the defendant and that the 'clear and convincing' standard 'does not call for the highest levels of proof.' Rather, *Owens* concluded that an insanity instruction is required '[i]f [the] evidence would permit the jury to find to a high probability that [the] defendant was insane.' . . . [E]very circuit court having considered it has adopted the *Owens* standard," citing *United States v. Dixon*, 185 F.3d 393, 403-04 (5th Cir. 1999); *United States v. Gant*, 74 F.3d 1234, 1996 WL 13929, *3 (4th Cir. Jan. 12, 1996) (per curiam) (Unpub. Disp.) (defendant is entitled to a jury instruction on insanity "only if the evidence would permit the jury to find by a high degree of probability that [the defendant] was insane"); *United States v. Long Crow*, 37 F.3d 1319, 1323-25 (8th Cir. 1994); *United States v. Denny-Shaffer*, 2 F.3d 999, 1015-16 (10th Cir. 1993); and *United States v. Whitehead*, 896 F.2d 432, 435 (9th Cir. 1990)).

[16]Def.'s Opp. at 4.

[17]Pl.'s Mot. at 7-8.

[18]Def.'s Opp. at 5.

4

Turner must be precluded from presenting an insanity defense.[19] In *Keen*, the district court held that Keen could not present an insanity defense because he proffered nothing more in support of the defense than his own and family members' testimony. *Id.* at 1117. Keen was convicted of five counts of bank robbery, one count of being a felon in possession of a firearm, one count of being a felon in possession of ammunition, and one count of illegal possession of a sawed-off shotgun. *Id.* at 1112. On appeal, the Ninth Circuit noted that the district court had seemingly been of the view that lay testimony is categorically inadequate to prove insanity with convincing clarity. *Id.* at 1117.[20] The appeals court held that it need not determine whether lay testimony alone could ever support a finding of insanity because the record below showed that the testimony Keen sought to offer was "statutorily insufficient" to prove the defense. *Id.*

The court described the offer of proof made by Keen's counsel as follows:

> "I would anticipate . . . putting on evidence that would lead the jury to conclude that there is a good likelihood that Mr. Keen was suffering from a mental disease or defect at the times relevant to the charges in the indictment. . . . [¶] [W]e do not have an M.D. or a psychologist to testify as an expert. We do have the defendant's family, who observed him during the relevant time period, and they could testify as to what they personally saw, the behavior that he was engaging in, and the things that he said to them . . . to show the jury that a person exhibiting this type of symptom, behavior and statements, must have some serious mental disease or defect." *Id.*

The court noted that under 18 U.S.C. § 17(a), insanity constitutes a defense only if the defendant is "unable to appreciate the nature and quality or the wrongfulness of his acts. Mental disease or defect does not otherwise constitute a defense." *Id.* (quoting 18 U.S.C. § 17(a)). The court determined that

---

[19] Pl.'s Mot. at 7; Government's Reply Brief in Support of its Motion to Preclude or in the Alternative Limit Defendant's Insanity Defense ("Pl.'s Reply") at 1-3.

[20] The district court held: "[Lay] testimony can only lead to an impermissible finding, that they might speculate that he might be insane. And you can't argue that he is insane from that standpoint of view. . . . [U]nless someone summarizes all of this testimony, and can give a medical opinion, or scientific expert can give such a medical opinion, then this testimony can only lead to impermissible inference." *Keen*, 104 F.3d at 1117.

" Keen's counsel [apparently] sought to do little more than establish that Keen suffered from a mental disease or defect – as opposed to establishing the effect that this condition had upon his ability to appreciate the nature of his actions – the [district] court did not err in striking Keen's insanity defense." *Id.* (citing *Whitehead*, 896 F.2d at 435) (footnotes omitted).

Turner argues that *Keen* is distinguishable on several grounds. He notes first that, unlike this case, Keen did not object to the government's motion to preclude the insanity defense. Second, he asserts, Keen's proffer did not address the second prong of the insanity test, i.e., it did not include testimony regarding Keen's appreciation and understanding of the wrongfulness of his acts.[21] Turner contends that, by contrast, he "hopes to have at least one lay witness who will testify to their observations of Mr. Turner to the extent that it can be proved with convincing clarity that Mr. Turner suffered from a severe mental disease or defect that made him unable to appreciate the nature and quality or wrongfulness of his acts."[22]

Turner's *in camera* filing reflects that one lay witness's testimony will concern whether Turner had a mental disease or defect only. Another witness will apparently offer an opinion regarding Turner's ability to understand his actions and to know right from wrong. Assuming *arguendo* that the court, viewing the witnesses' proposed testimony in the light most favorable to Turner, found that the witnesses would offer testimony regarding both prongs of the insanity test, it would nonetheless conclude that Turner had failed to demonstrate how the opinions of the witness would establish causation – i.e., that "as a result of" a severe mental disease or defect, defendant was unable to appreciate the nature and quality or the wrongfulness of his actions. This failing in Turner's proffer was addressed in *United States v. Sanchez-Ramirez*, 432 F.Supp.2d 145 (D. Me. 2006). Sanchez-Ramirez was indicted on one count of felony possession of a firearm, one count of making a false statement in connection with the attempted acquisition of a firearm, and one count of making a false claim of citizenship. *Id.* at 145-46. He sought to pursue an insanity defense, but stated that he would not introduce any expert or lay third-party testimony. *Id.* at 146. Rather, he intended himself to testify that

---

[21]Def.'s Opp. at 4.

[22]*Id.*

6

at the time of the alleged crime, he was "suffering from command auditory hallucinations, which resulted in [his] inability to appreciate the nature and quality or wrongfulness of [his] acts." Sanchez-Ramirez argued that this was sufficient to support a finding of insanity. *Id.*

After the government moved to preclude Sanchez-Ramirez from asserting an insanity defense, the court determined that it was not necessary to decide whether a defendant's testimony, standing alone, could ever support an insanity defense. *Id.* at 148-49. Instead, the court held that the proffered testimony was insufficient because, even if believed, Sanchez-Ramirez would state "only that he was suffering from command auditory hallucinations and that in his view this prevented him from appreciating the nature and quality or wrongfulness of his acts." *Id.* at 149.[23] "As posited, this testimony would require a jury to speculate about the cause of these symptoms, whether they represent a physical or mental condition, whether that condition fits the definition of mental disease or defect, if so, whether the disease or defect can be deemed severe, and whether his mental state was caused by the severe mental disease or defect." *Id.*

The court concluded that Sanchez-Ramirez could not prove insanity by clear and convincing evidence "[w]ithout an expert to testify 'about what is a mental disease or defect and what is severe,' . . . since such matters are 'not within the experience of ordinary jurors.'" *Id.* (quoting *United States v. Meader*, 914 F.Supp. 656, 659 (D. Me. 1996)). Furthermore, "[w]ithout expert testimony on causation, [the court stated, Sanchez-Ramirez could not] sustain his burden on the second element for the same reason." *Id.*

The proffered testimony of Turner's lay witnesses suffers from the same defects as the defendant's proposed testimony in *Sanchez-Ramirez*. If these witnesses testify, the jury will be required to speculate both as to the cause of the symptoms of Turner's alleged mental disease or defect, and as to the impact the mental disease may have had on his ability to understand the wrongfulness of his actions. Because his evidence would not allow a reasonable jury "to find that insanity has been shown with convincing clarity," *Whitehead*, 896 F.2d at 435, Turner is not entitled to assert insanity as an

---

[23]The court noted that "[i]f there is insufficient evidence of insanity, [judges] routinely withdraw the issue from the jury's consideration." *Sanchez-Ramirez*, 432 F.Supp.2d at 149 n. 5 (citing *Leach v. Kolb*, 911 F.2d 1249, 1256-57 (7th Cir. 1990) (collecting cases)).

affirmative defense.

### III. CONCLUSION

For the reasons stated, the court grants the government's motion to preclude the insanity defense based on the testimony of lay witnesses.

DATED: June 9, 2008

                              MARGARET M. MORROW
                            UNITED STATES DISTRICT JUDGE